# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1127V
Filed: February 22, 2018
Not for Publication

*************************************
| | |
|---|---|
| THOMAS SIMKISS, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Attorneys' fees and costs decision; |
| | * respondent defers to Special |
| SECRETARY OF HEALTH | * Master's discretion |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

*************************************

Clifford J. Shoemaker, Vienna, VA, for petitioner.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 5, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that he suffered Guillain-Barré syndrome ("GBS") due to his October 4, 2013 receipt of influenza ("flu") vaccine. Pet. ¶¶ 5, 6. On February 8, 2018, the undersigned issued a decision awarding damages to petitioner based on the parties' stipulation filed on the same day.

On January 26, 2018, petitioner filed an application for attorneys' fees and costs. In his application, petitioner requests a total of $64,620.89, comprised of $44,257.10 for attorneys' fees and $20,363.79 for attorneys' costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 14, 2018, respondent filed a response to petitioner's application explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

## DISCUSSION

I.   **Legal Standard for Attorneys' Fees and Costs**

  A.  **In General**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

II.  **Reasonableness of Requested Attorneys' Fees and Costs**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Avera, 515 F.3d 1343, 1348.  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349).  For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation."  Avera, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

1. **Reasonable Hourly Rates**

Petitioner requests the following hourly rates:

|  | 2015 | 2016 | 2017 | 2018 |
| --- | --- | --- | --- | --- |
| Clifford Shoemaker | $415 | $430 | $440 | $450 |
| Renee Gentry | N/A | $415 | $430 | $435 |
| Sabrina Knickelbein | $350 | $365 | $378 | N/A |

The undersigned finds petitioner's requested hourly rates reasonable except for Ms. Gentry's hourly rate of $430 for her work performed in 2017. Ms. Gentry has been practicing law for approximately 22 years, so she may be awarded $358 - $424 for work performed in 2017. The undersigned finds Ms. Gentry belongs at the upper limit of this range, but cannot exceed it. The undersigned awards Ms. Gentry's hourly rate for her work performed in 2017 at $424. Because Ms. Gentry billed 0.75 hours in 2017, **this results in a deduction of $4.50.**

2. **Reduction of Billable Hours**

    a. **Administrative Time**

Bedrock caselaw states that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioners' counsel's billing records contain multiple entries that are best characterized as administrative tasks. For example, Mr. Shoemaker and Ms. Knickelbein billed 0.1 hours for tasks such as "set initial SC," "review [an] order," "review notice of appearance," "review 240-day notice," "review the court's non-pdf order . . . regarding rescheduled status conference" after reviewing a one-page or non-pdf scheduling order or status conference order. Doc 36, at 5, 11-12, 15-17 (entries dated 11/3/2015; 2/14/2017; 5/16/2017; 7/4/2017; 7/6/2017; 8/18/2017; 8/24/2017; 9/29/2017; and 11/3/2017) and Id. at 18-22 (entries dated 10/12/2015; 1/28/2016; 6/6/2016; 8/5/2016; 10/3/2016; 10/7/2016; 2/21/2017; 7/7/2017; 8/18/2017; 8/24/2017; 9/29/2017; and 11/6/2017). Beyond the fact that this is clerical work billed at attorneys' rates, the undersigned cannot imagine how it takes six minutes to enter a date, or even three dates, on one's calendar. These types of entries are clerical in nature and do not constitute billable time. Accordingly such entries will be deducted from the fee award, amounting to a **further reduction of $874.30.**

    b. **Vague Entries**

The undersigned has previously decreased an award of attorneys' fees for vagueness. Barry v. Sec'y of HHS, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file whether the amount requested is reasonable. Bell v. Sec'y of HHS, 18 Cl.Ct. 751, 760 (1989); Rodriguez v. Sec'y of HHS, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned finds the number of vague billing entries in this case particularly troubling. Time records should be sufficiently detailed so that the undersigned is able to determine the reasonableness of the amount of time being spent and the work being performed. Mr. Shoemaker billed 1.7 hours over 15 separate billing entries to "review [a] pleading." Doc 36, at 2-11 (entries dated 10/7/2015; 10/10/2015; 10/15/2015; 11/7/2015; 1/28/2016; 2/4/2016; 4/6/2016; 6/2/2016; 6/3/2016; 8/2/2016; 8/5/2016; 8/16/2016; 10/7/2016; 11/8/2016; and 2/17/2017). Without additional information about what Mr. Shoemaker was reviewing or why, these hours are not compensable. This adjustment results in a **further deduction of $726**.

Thus, the total amount of attorneys' fees for Shoemaker, Gentry & Knickelbein is reduced by $1,604.80 and $42,652.30 is awarded. The undersigned finds the attorneys' costs reasonable. Therefore, the total amount paid for attorneys' fees and costs incurred by Shoemaker, Gentry & Knickelbein is **$63,016.09.**

## CONCLUSION

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds the majority of petitioner's attorneys' fees and costs request reasonable. **Accordingly, the court awards $63,016.09**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Shoemaker, Gentry & Knickelbein in the amount of **$63,016.09**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 22, 2018                         /s/ Laura D. Millman
                                                  Laura D. Millman
                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.